ANSELM BASSETT *vs*. CHARLES PORTER.

It is not erroneous in a judge, in the trial of a cause, to refuse to rule, at the request of the defendant, that upon the evidence introduced by the plaintiff, the defendant is entitled to a verdict.

Where there is no record of the establishment of school districts in a town, parol evidence is admissible, to show that the inhabitants of such town, living within

certain specified limits, have been known and recognized, and have acted, in all respects, as a school district, for many years ; and from such evidence, a jury may infer that such district had a legal origin and was legally established, provided the whole town was, in like manner, laid out into districts by territorial or geographical divisions.

The provision of the Rev. Sts. *c.* 7, § 44, exempting assessors from all responsibility, except "only for the want of integrity and fidelity on their own part," does not extend to the assessment of a school district tax, where the district has no legal existence.

A collector of taxes, under a warrant from the assessors, in which the time for the completion of the collection of the taxes therein mentioned is specified, may arrest a person for the non-payment of his tax, after the expiration of the time limited in the warrant.

THIS was an action of trespass, for an assault and false imprisonment, tried before *Bigelow*, J., in the court of common pleas. The plaintiff, being an inhabitant of Taunton, and having been assessed the sum of $13·25 in school district number one therein, which tax he refused to pay, was arrested and imprisoned by the collector of Taunton, upon a warrant issued by the defendant and two others, as assessors of that town. The defendant justified as an assessor of Taunton.

The warrant was dated the 8th of August, 1845, and directed the collector to complete and make up the account of his collection of the whole sum therein mentioned, and to retain the same in his own hands as treasurer of Taunton, subject to the order of the building committee of school district number one, or to transmit and pay over the same to his successor in office, on or before the 20th of October following. The arrest of the plaintiff, for which the action was brought, did not take place until several months after the said 20th of October.

The plaintiff, having shown the warrant signed by the defendant, and having proved the arrest and imprisonment under it, there rested his case ; whereupon the defendant asked the court to rule, that on this evidence the defendant was entitled to a verdict. To this the judge replied, that if the defendant intended to rest his defence there, the court would give such instructions to the jury, as might be proper: but the defendant declined to rest his case upon the plaintiff's evidence, and proceeded to introduce evidence in defence.

The defendant, having given evidence of his election and qualification as an assessor of Taunton, for the year 1845; of the vote to raise money for building a school-house by the school district; and of the assessment of the same upon the inhabitants of the district, including the plaintiff, by the assessors of Taunton; then offered evidence to prove the legal existence of school district number one in that town.

For this purpose, the defendant introduced evidence, in the first place, that a small portion of the records of Taunton were destroyed by fire in the year 1838, and that in the re maining books of record, there was no record of the laying out of any school district in that town, or any division there of whatever into school districts, prior to August, 1845; but there was no evidence that any of the records destroyed by fire contained any record of the laying out or limits of district number one, or of any other school district.

The defendant then offered to show, by parol, that there was and had been for many years, by reputation and user, a school district number one in Taunton, known, recognized and acting as such, in all respects; and for this purpose, he offered to prove, that certain families and persons residing in Taunton had always been considered and had acted as being within such district number one; that these families and persons resided within certain limits in said town; and that the lines of district number one were run out by a committee of the town, in August, 1845, in conformity with those limits, and included said families; but the defendant did not offer to prove, that, prior to August, 1845, there had ever been, otherwise than is above stated, any geographical laying out or defining of the limits of the said school district number one. The evidence was rejected.

It appeared from the town records, that, in June, 1845, after the district had voted to raise money as aforesaid, but before the tax was assessed, the town, in pursuance of a request of the district, to the selectmen, in May, 1845, appointed a committee to run out and define the limits of said school district number one, and that the committee reported their doings to the town on the 10th of August, 1845. This report

was entered at length on the records of the town, but it did not appear therefrom that it was ever accepted, or what was the action of the town upon it. The defendant offered to show, by parol, that the report was in fact accepted, but accidentally omitted to be recorded by the clerk. The court rejected the evidence.

The defendant further contended, that inasmuch as the arrest of the plaintiff on the warrant did not take place until after the time named therein for the completion of the collection of the tax, the defendant was not liable therefor. But the presiding judge overruled the objection, and instructed the jury, that on the evidence in the case, the defendant had failed in making out his justification, and that the plaintiff was entitled to their verdict.

The jury found a verdict for the plaintiff, for the sum of $16, and the defendant thereupon alleged exceptions to the rulings and instructions above stated.

*N. Morton*, for the defendant.

1. The presumptions of law are all in favor of the legality of the acts of the defendant as assessor. *Lowell* v. *Flint*, 7 Shep. 401; *Gage* v. *Currier*, 4 Pick. 399; *Baker* v. *Allen*, 21 Pick. 382; *Ingraham* v. *Doggett*, 5 Pick. 451. 2. The existence of the district *de facto* is not denied, and this is enough to protect an assessor acting with fidelity. 3. But if it is incumbent on the defendant to prove a legal district with geographical limits, (*Withington* v. *Eveleth*, 7 Pick. 106,) such limits the defendant offered to prove. 4. The evidence offered for this purpose was competent. *Dillingham* v. *Snow*, 5 Mass. 547; *Stockbridge* v. *W. Stockbridge*, 12 Mass. 400; *New Boston* v. *Dunbarton*, 12 N. H. 409; *Barnes* v. *Barnes*, 6 Verm. 388; *Sherwin* v. *Bugbee*, 16 Verm. 439; *Downer* v. *Dane*, 19 Verm. 338; *Gray* v. *Sheldon*, 8 Verm. 403; *Steele* v. *Prickett*, 2 Stark. R. 463; *Cambridge* v. *Lexington*, 17 Pick. 222, 230; *Pease* v. *Smith*, 24 Pick. 122; *Alden* v. *Rounseville*, 7 Met. 218. 5. So far as the liability of the assessors is concerned, it is immaterial whether there was a legal record or not. Rev. Sts. *c.* 7, § 44; *Saxton* v. *Nimms*, 14 Mass. 315; *Sprague* v. *Bailey*, 19 Pick. 436, 440. 6. An assessor cannot be liable

for an arrest made by the collector, after the time mentioned in the warrant. Rev. Sts. *c.* 8, § 1.

*T. D. Eliot* and *H. G. O. Colby*, for the plaintiff.

If the defendant did prove a district *de facto*, he disproved district *de·jure*. The evidence offered, to prove the laying out of the district, was only competent, admitting that there had been a geographical laying out of the whole town into districts; but there was no evidence of any such division, and the evidence offered was in its nature secondary. The limitation of time in the warrant was merely directory. Rev. Sts. *c.* 8, § 50, p. 804; *c.* 23, § 37; *Pond* v. *Negus*, 3 Mass. 230; *Torrey* v. *Millbury*, 21 Pick. 64, 67; *Williams* v. *Lunenburg*, 21 Pick. 75, 82; *Collins* v. *Waggoner*, Breese, 143 *Richards* v. *Daggett*, 4 Mass. 534.

FLETCHER, J. An exception was taken in the court below, and has been insisted on in this court, that the judge should have ruled as requested, that on the evidence introduced by the plaintiff the defendant was entitled to a verdict.

But surely it was no error in law, that the judge did not express his opinion at any particular time, or at any particular stage of the cause. Whether the presiding judge should have expressed his opinion upon the case, as it stood upon the plaintiff's evidence alone, or whether he should withhold such expression until the evidence on both sides was fully introduced, was a matter wholly within his own discretion. Exception must be taken, if at all, to the opinion itself, and not to the time when it was or was not pronounced.

There being no evidence of any geographical laying out or defining of the limits of school districts in Taunton, previous to August, 1845, the defendant offered to prove by competent evidence, as stated in the bill of exceptions, that in point of fact there was a school district number one in Taunton, known, recognized, and acting as such in all respects; that this district had certain limits, and, of course, was territorial or geographical; and that it had so existed for many years, the exact number of years not being specified, but stated as many years. This evidence was rejected, for reasons which are not stated, and do not appear in the bill of exceptions.

If the defendant could have proved what he offered evi-
dence to prove, but which was rejected, there would have
been nothing wanting to show the legal existence of school
district number one, which was the point that the defendant
wished to establish, but to satisfy the jury that this district,
which existed in fact, had a legal origin. Now, the defendant
offered to show, by parol evidence, that there was, and had
been for many years, by reputation and user, a school district
number one in Taunton, known, recognized, and acting as
such in all respects, and with certain limits; and if he could
have established these facts by parol, it would most certainly
have been competent for the jury to have inferred or presumed
from these facts alone, and without any other facts or evi-
dence, that this district had a legal origin, and was therefore
a legally established district.

It was by no means necessary to produce a record of the
laying out of the district, or any direct and positive evidence
of such laying out; the fact that such a district had existed,
had been known, recognized, and had acted as such, in all
respects, would be ample evidence from which a jury might
well infer, or presume, that it had a legal origin, though no
direct or positive evidence of its origin could be produced.
In truth, the simple fact of the existence, in such a town as
Taunton, of a school district, known and acting as such for
many years, would lead the mind almost unavoidably and
irresistibly to the conclusion, that it must have had a legal
origin. The longer its existence could be shown, the stronger
would be the presumption that it was originally duly estab-
lished, and that the direct evidence of its establishment had
been lost by time and accident. That it would be perfectly
competent and proper for the jury to make such presumption,
there can be no doubt. Such presumption would be war-
ranted by one of the most familiar and well-settled principles
of the law of evidence. It is a matter of every day's prac-
tice, that a long-continued possession furnishes ground of
presumption, that such possession was rightfully commenced,
and thus a legal title is established to land, or to an easement
upon land, though no grant or deed is shown, and no positive
evidence of such grant or deed is introduced.

Bassett *v.* Porter.

Deeds and even records may be presumed to exist, or to have existed, without any direct proof of their existence. Indeed, it may perhaps be maintained, that there cannot be any matter of fact, which a jury may not presume from other facts and circumstances. It is in truth but the exercise of sound reason, in inferring from facts which are shown, the existence of other facts which are not directly shown. The proof of certain facts, in a chain of events, leads directly and forcibly to the conclusion of the existence of the facts, which naturally and properly and usually precede those which are known and established.

Applying this principle of presumption to the present case, it is quite manifest, that the court below erred in rejecting the parol evidence to show the long existence, in fact, of district number one in Taunton. If it had appeared, that such district had acted, and had been known and recognized, for a long course of years, as an established district, it would certainly have afforded a ground of probable if not even of violent presumption, that it had a legal origin, and of course that district number one in Taunton was a legally established district, which was the matter in question.

It was by no means indispensable, that a record of the laying out should be produced. The record might be lost or it might be that there was an omission to record the laying out, though legally and properly made. The laying out might have originally appeared by reports of committees and papers kept on file, which, with votes accompanying them, had been lost by time and accident, and which were of too early a date to be then in the recollection of any living man.

But whatever might have been the finding of the jury, under all the circumstances of the case, and in view of all the evidence which might have been produced, the evidence offered was proper for their consideration, and should have been admitted.

It will be incumbent on the defendant to establish, not only that there is a territorial district number one, but he must go further and prove, that the whole town is laid out into territorial districts. It is not competent for the town to make a

single district, but if there be any districting, the whole town must be districted.  The districts must be territorial, and so laid out as to embrace the whole town.

If there were no district number one, then the defendant would not be protected by the Rev. Sts. *c.* 7, § 44, which protects assessors acting with integrity and fidelity.  It must be established, that there was a district, or the defendant cannot be protected by the statute.  If there be no district, then the defendant had no right to act at all, and would not therefore be protected, as an officer acting with integrity and fidelity ; though he was but one of several assessors, yet he is liable alone, if liable at all.

The ground taken, that the arrest was unlawful, because made after the time specified in the warrant for the payment of the money, cannot be sustained.  The arrest was made within a year, and there is no law prohibiting the arrest at that time.  There was nothing to restrain the execution of the warrant after the time at which the collection and payment of the money was required to be made.  The verdict must be set aside, and a new trial had in the court of common pleas.